IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiffs,<br><br>     vs.<br><br>THOMAS PEREZ,<br><br>                  Defendant. | 8:14-CR-276<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on Defendant's Motion for Compassionate Release due to the ongoing COVID-19 pandemic. Filing 86. For the reasons stated below, the motion will be denied.

## I. BACKGROUND

      Defendant pled guilty to conspiracy to distribute 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. § 846 (Count I) and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count V). Filing 46; Filing 65. Defendant admitted that drugs and guns found in a house he shared with his codefendant belonged to him. Filing 46 at 6. The parties also agreed that Defendant should be held responsible, beyond a reasonable doubt, for at least 50 grams, but not more than 150 grams of actual methamphetamine. Filing 46 at 5.

      The Presentence Investigation Report (PSR) noted that Defendant's convictions required mandatory consecutive sentences under U.S.S.G. § 3D1.1(b)(1). Filing 63 at 9. Defendant did not object to the PSR and urged the Court "to adopt the government's recommendation in the Plea Agreement that the Defendant be sentenced at the low end of the guideline range: 180 months."

Filing 54 at 1. Accordingly, the Court sentenced Defendant to 120 months on Count I and 60 months on Count V, to be served consecutively for a total sentence of 180 months. Filing 65 at 2.

## II. DISCUSSION

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons (BOP) to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Defendant submitted a request for compassionate release to the warden of his facility—FCI Sandstone—on September 27, 2021. Filing 86 at 13. The warden denied Defendant's request on October 13, 2021. Filing 86 at 15.

Although Defendant has exhausted his administrative remedies, he has not demonstrated a reduction in sentence is warranted. Section 3582(c)(1)(A) provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
>     . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

The Sentencing Guidelines identify four general categories of qualifying circumstances, including: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1 (2018). Defendant's rehabilitation while incarcerated may be relevant but "is not, by itself,

2

an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3; *see also United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Accepting all of Defendant's factual allegations as true, the Court concludes that he has not shown an extraordinary and compelling reason for a reduction of his sentence or his release from custody. Defendant first argues that COVID-19 poses a particular threat to him because he has a Body Mass Index ("BMI") of 32, making him clinically obese. Filing 86 at 3. According to the Centers for Disease Control and Prevention ("CDC"), adults with obesity—defined by the CDC as a body mass index ("BMI") of at least 30 but less than 40—are "are at increased risk for severe illness" from the virus that causes COVID-19.[1]

Since the onset of the pandemic, several courts have considered arguments that obesity constitutes an extraordinary and compelling reason to justify compassionate release. Some courts have granted compassionate release based on the defendant's obesity. *See United States v. Hayes*, No. 17-cr-20292, 2020 WL 4001903, at *3 (E.D. Mich. July 15, 2020) (concluding that "the defendant's obesity alone qualifies as a recognized risk factor"). Other courts have denied compassionate release where obesity is the sole risk factor. *See United States v. Lindquist*, No. 4:14-cr-27, 2020 WL 3513505, at *3 (E.D. Tex. June 26, 2020) (denying release for morbidly obese inmate because her condition does not "substantially diminish her ability to provide self-care"). In several cases, courts have recognized that the risks associated with COVID-19 and obesity depend on the severity of the defendant's obesity. *See United States v. Wright*, No. 17-CR-0301, 2020 WL 7334412, at *3 (D. Minn. Dec. 14, 2020) (noting that the more severe the

---

[1] CDC, People with Certain Medical Conditions (Feb. 9, 2022), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

3

underlying medical condition, the greater the risk for severe illness from COVID-19); *United States v. Perkins*, No. 14-cr-104-LM-1, 2020 WL 4783558, at *4 (D.N.H. Aug. 18, 2020) (citing recent scientific studies and observing that "the higher a person's BMI is, the greater the risk that COVID-19 will prove fatal for that person").

Unlike cases where courts have permitted compassionate release, Defendant suffers from no risk factors other than his clinical obesity. *Cf. United States v. Burnside*, 467 F. Supp. 3d 659, 670 (N.D. Iowa 2020) (obesity among several health conditions supporting compassionate release); *United States v. Rountree*, 460 F. Supp. 3d 224, 235 (N.D.N.Y. 2020) (same). Nothing in the evidence suggests that Defendant is unable to seek treatment for his obesity or that he would be unable to manage his obesity by following CDC guidelines. Moreover, with a BMI of 32, Defendant is "slightly obese" which courts have held to be insufficient to justify release. *United States v. McAbee*, No. 4:14-CR-40027, 2020 WL 5231439, at *3 (D.S.D. Sept. 2, 2020), *aff'd*, No. 20-2885, 2020 WL 8813969 (8th Cir. Sept. 15, 2020); *see also United States v. Milchin*, 2020 WL 4475902, at *1 (E.D. Pa. Aug. 4, 2020) (finding defendant's "slight obesity," BMI of 30.5, and elevated cholesterol did not justify early release). Defendant has not shown that his specific health condition places him at a greater risk of complications, nor has he shown that his condition is not being sufficiently treated.

Other than obesity, Defendant broadly argues "his overall physical health conditions have been found to be extraordinary and compelling in his current environment." Filing 86 at 3. The Court does not minimize Defendant's medical condition or the potential risk he faces in a prison environment; however, a generalized concern about the presence of COVID-19 is insufficient to show extraordinary and compelling reasons for release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may

spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Melgarejo*, No. 12-CR-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020), *aff'd*, No. 20-1802, 2020 WL 7230642 (7th Cir. Dec. 8, 2020) ("[T]he mere presence of COVID-19 in a particular prison . . . cannot justify compassionate release—if it could, every inmate in that prison could obtain release."). Instead, the Court must determine whether the nature of Defendant's increased risk is sufficiently extraordinary and compelling to merit release from incarceration. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant's generalized fear of contracting COVID-19 is insufficient to show extraordinary or compelling circumstances.

A reduction of Defendant's sentence to time served would also be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a). These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." *Id*. Defendant was sentenced at the mandatory minimum pursuant to a plea agreement. A reduction in sentence would undermine the seriousness of his offenses. The Court concludes the factors under 18 U.S.C. § 3553(a) do not allow for compassionate release. Accordingly, Defendant's motion is denied.

IT IS ORDERED.

1. Defendant's Motion for Compassionate Release, Filing 86, is denied; and
2. The Clerk will mail a copy of this Memorandum and Order to Defendant at his last known address.

5

Dated this 23rd day of February, 2022.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge